WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerardo Aguilar Rodriguez, | No. CV-20-01838-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 16), recommending that the Amended Petition for Writ of Habeas Corpus (the "Amended Petition") (Doc. 5), be denied and dismissed with prejudice. The Court has reviewed the Amended Petition (Doc. 5), Respondents' Response to the Amended Petition (Doc. 14), and the R&R (Doc. 16). No party has objected to the R&R. For the reasons expressed below, the Court accepts and adopts the Magistrate Judge's R&R.

**I.    BACKGROUND**

In December 2018, Petitioner pleaded guilty to three counts of attempted molestation of a child. (Doc. 14-1 at 39.) He was sentenced to fifteen years in prison and consecutive lifetime probation. (*Id.*) Petitioner acknowledged and understood that, by accepting the plea agreement, he was waiving his right to a trial and his right to a direct appeal. (*Id.* at 28–29.)

On March 11, 2019, Petitioner sought post-conviction relief ("PCR") in the

Maricopa County Superior Court, requesting a reduction in sentence. (*Id.* at 70.) On July 8, 2019, appointed counsel informed the PCR court that he could not find any colorable claims to raise and requested that the PCR court allow Petitioner to proceed *pro se*, which the court granted. (*Id.* at 75, 79.) On December 3, 2019, Petitioner filed a PCR petition, claiming ineffective assistance of counsel. (*Id.* at 83–84.) The PCR court denied relief and dismissed the petition, finding that the claims were precluded due to the Petitioner's waiver in his plea agreement. (*Id.* at 127–28.) Additionally, the PCR court concluded that the evidence confirmed that Petitioner had "knowingly, intelligently, and voluntarily entered his guilty pleas." (*Id.* at 128.) Petitioner did not appeal the PCR court's decision to the Arizona Court of Appeals. (*See* Doc. 14 at 10.)

In September 2020, Petitioner filed a habeas petition. (Doc. 1.) Petitioner then filed, in October 2020, an Amended Petition alleging "ineffective assistance of counsel." (Doc. 5.) In this claim, he asserts the following:

> subject matter jurisdiction; and seizure; self[-]incrimination; double jeopardy; lack of counsel; due process (subjunctive [sic] and/or procedural); prosecutorial misconduct (vindictiveness and or selective); voluntary knowingly an [sic] intelligent plea; proper colloquy; sentencing (not appropriate/to [sic] aggravating under law); new discovered evidence; actual innocence.

(*Id.* at 6.) Petitioner asks the Court to review the "Memorandum of Points and Authorities in the Petitioner's Rule 33.1(a) motion to seek remedy." (*Id.* at 11.) Respondents timely responded. (Doc. 14.)

II.     **LEGAL STANDARD**

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, the district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part,

the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)).

### III. DISCUSSION

The R&R recommends that the Amended Petition be denied. (Doc. 16.) First, the R&R concludes that Petitioner fails to state a claim because the petition fails to provide any factual allegations in support of his claims. (*Id.* at 6.) The R&R further finds that the Petitioner's claims are unexhausted and procedurally defaulted because he did not raise the claims in the Arizona Court of Appeals and presented no argument to excuse the procedural default of the claims. (*Id.* at 7-8.) Lastly, the R&R concludes that, even if Petitioner's claim of ineffective assistance of counsel is reviewable, Petitioner fails to establish prejudice. (*Id.* at 8.) The R&R therefore recommends that this Court deny and dismiss the Amended Petition with prejudice. (*Id.* at 9.) The R&R also instructs the parties that they had fourteen days to file an objection, and failure to timely do so "may result in the acceptance of the [R&R] by the District Court without further review." (*Id.* at 10.)

The parties did not file objections. Although it has no obligation to do so, the Court nonetheless has reviewed the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court agrees with the Magistrate Judge's R&R and accepts the recommended decision. Upon its own review of the record considering the standards for granting a certificate of appealability, the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation. (Doc. 16.)

**IT IS FURTHER ORDERED denying** the Amended Petition (Doc. 5) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 26th day of August, 2021.

Michael T. Liburdi
United States District Judge